[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF SUPPORT (DOCKET ENTRY No. 150)
The defendant has filed a Motion for Modification of Support dated June 11, 1998. On September 29, 1997, this court (Moran, J.) entered orders for support effective September 3, 1997. At that time, the court ordered support in the amount of $240.00 per week for the three minor children and $48.00 per week to be paid on an arrearage in the amount of $960.00. A further arrearage of $4,436.50 plus interest in the amount of $491.00 for a total arrearage of $4,927.50 was found. The arrearage of $960.00 has been paid. The further arrearage of $4,927.50 is presently being paid at the rate of $48.00 per week.
At the time of the proceedings before Judge Moran, the court observed the difficulty experienced in obtaining accurate financial information from the defendant. (See Pages 12 through 64 of the transcript dated September 29, 1997.) This same problem has existed in this proceeding. The court has received two differing financial affidavits and pay stubs dated April 3 and May 1, 1998, which show gross weekly earnings of $718. 00 and $688.00. (See defendant's exhibit 2.) Gross pay to April 25, 1998, amounted to $12, 786 or $800.00 per week. At the time of the hearings before Judge Moran, the defendant reported his gross weekly pay as $812.00.
The defendant claims that his pay now is less because an overtime cap has been in effect. However, that overtime cap was in effect at the time of the support order set by Judge Moran. That overtime cap has since been lifted so that the defendant may reasonably expect greater earnings from his EMS position in New York City. While the defendant's affidavit shows gross earnings of $711.00, as previously noted, the pay stub of May 1, 1998, shows average gross earnings of $800.00 per week. CT Page 13015
The defendant has now moved closer to his work. He now lives in Scarsdale, New York, so his commuting expense is less and his rent has been reduced from $156.00 per week to $69.00 per week.
This motion has been filed pursuant to § 46b-86 (a) of the General Statutes. The provisions of the statute require a showing of a substantial change in the circumstances of the parties. While it is true that the plaintiff has married and married the "boss" for whom she was previously working, so that her income from employment is now less, there has not, however, been a substantial change in the defendant's financial situation so as to justify a reduction in child support. The defendant has the burden of proof in demonstrating a substantial change of circumstances. That burden has not been met. The motion for modification is, therefore, denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE